## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

Henry W. Martin, Jr.,

      Plaintiff,

vs.

William R. Byars, Jr., Director; Dr. Moore, Director of
Medical Service; Dr. T. Byrne, ACI; Dr. G. Amonitti,
LCI; Nurse NFN Derrick, ACI Health Care Authority;
Wayne C. McCabe, Warden LCI; Jamie R. Wressey,
RN, Health Care Authority, SC Dept of Corrections;
Daniel Murphy, Dept Corrections Division Inspection,
SCDC; Althea B. Myers, Chief Deputy, Office of
Investigation & Enforcement; Chatherine Templeton,
Director LLR; Nancy Murphy, Administrative Board of
Nursing; David M. Tatarsky, DOC, Office of General
Counsel; Ann Hallman, DOC, Branch Chief, Inmate
Grievance Branch; Blake Taylor, DOC, Compliance,
Standard and Inspections; Lesia Kudelka, LLR,
Communications Director; Mark Dorman, LLR-OIE,
Assistance Deputy Director; Mark Sanders,
Investigator LLR-OIE; John R. Pate, Warden,
Allendale Correction Institution; Authur A. Jordam, Jr.,
Associate Warden; Cpl. T Simpson, Allendale
Correctional Institution; Cpl. Melvin Drayton, Allendale
Correction Institution; McKenndly Newton, Associate
Warden, Allendale Correction Institution; E. Grimes,
Capital, Allendale Correction Institution; Dr. Joni
Stanford, SC Dept of Correction, Physician; Elizabeth
Holcomb, Nurse Praction, Lieber Correction Institution;
Lisa Hopolomber, Nurse Practice, Lieber Correction
Institution; Star Connelly, Nurse Practice, Lieber
Correction Institution; L. Newsom, Nurse, RN, Lieber
Correction Institution; Carolyn Tyson, Nurse, RN,
Lieber Correction Institution; Joseph McFadden,
Associate Warden, Lieber Correction Institution; Sylna
Jones, Mail Room Supervisory, Lieber Correction
Institution; Luclnecia Bryant, Mail Room Assistant,
Lieber Correction Institution; Rose Montee, Business
Office, Lieber Correction Institution; (con't. next page)

      Defendants.

_____

C/A No. 6:12-1089-CMC-KFM

**REPORT
AND
RECOMMENDATION
Partial Summary Dismissal**

(con't. from previous page)                              )
                                                          )
Dr. Rowland Crafts, SC Department of Corrections; )
Gregory S. Line, Director of Claims; Charlotte Smith, )
Claims Adjuster; Ellen Goodwin, SC State Accident )
Fund; Russell Rush, SC Department of Corrections; )
Jim Crosby, SC Department of Corrections; Susan S. )
Barden, SC Workers' Compensation; Virginia Crocker, )
Judicial Director; Christopher D. Florian, Staff )
Attorney; Dr. Marsha Koller, Director of Health )
Service; Stanley Clark, Captain, Lieber Correction )
Institution; Sgt. Robert Mincely, Lieber Correction )
Institution; Cpl. Earl Barrett, Lieber Correction )
Institution; Thierry Nettler, Major, Lieber Correction )
Institution; Fred R. Thompson, Associate Warden; )
Dagles Westely, III, Kirkland Librarian; and Paticira )
Cook, Classification Case Work,                          )
                                                          )
                        Defendants.                      )
_____  )

Plaintiff, Henry Martin, ("Plaintiff"), a prisoner in the Kirkland Correctional Institution

("KCI") of the South Carolina Department of Corrections ("SCDC") in Columbia, South

Carolina, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C.

§ 1983,[1] seeking monetary damages and injunctive relief. Under Local Civil Rule

73.02(B)(2) DSC, pretrial proceedings in this action have been referred to the assigned

United States Magistrate Judge.

_____

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes a district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and are held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his original Complaint (ECF No. 1) on April 26, 2012. By Order dated June 11, 2012 (ECF No. 10), Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) was granted, Plaintiff's Motion for Recusal (ECF No. 3) was mooted, and Plaintiff was given a specific time frame in which to bring this case into proper form by providing proposed service documents for Defendants. On July 3, 2012, Plaintiff filed a Motion for Extension of Time (ECF No. 15) to comply with the court's proper form order.

Plaintiff's Motion for Extension of Time (ECF No. 15) was granted by docket text order (ECF No. 17) on July 3, 2012. On July 31, 2012, and August 1, 2012, Plaintiff submitted proposed service documents for several Defendants and several persons who were not named as defendants in Plaintiff's original Complaint. On August 3, 2012, Plaintiff submitted a notice of change of address (ECF No. 22), advising the court that he had been transferred from Lieber Correctional Institution to Kirkland Correctional Institution. Plaintiff also filed a second Motion for Extension of Time (ECF No. 23) to respond to the court's proper form order and additional proposed service documents. Plaintiff's Motion for Extension of Time (ECF No. 23) was granted by the court's docket text order (ECF No. 27), on August 20, 2012.

On August 13, 2012, Plaintiff submitted a Motion to Amend Complaint (ECF No. 24), seeking to add seventeen (17) additional Defendants. Plaintiff also submitted proposed service documents for the seventeen (17) additional Defendants. On October 23, 2012, Plaintiff submitted a Motion for Protective Order (ECF No. 35), in which Plaintiff asked this court to order that he be taken into protective federal custody. By Order issued simultaneously with this Report and Recommendation, the court granted Plaintiff's Motion to Amend Complaint (ECF No. 24), construed Plaintiff's Motion for Protective Order (ECF No. 35) as a motion for preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and ordered that Plaintiff's Amended Complaint and Motion for Protective Order be served upon fifteen (15) of the fifty (50) named Defendants in this action.

In his original Complaint, Plaintiff characterized the issues that he is attempting to litigate in this case as follows: "The plaintiff ha[s] a serious medical p[er]manent disability

4

w[h]ere officer confiscated my walking cane." *See* ECF No. 1, p. 4. Plaintiff alleges that Defendant Warden Pate, on March 31, 2010, made an erroneous, arbitrary, and capricious decision in responding to Plaintiff's step two grievance. Plaintiff alleges that Warden Pate tried to make it look like Plaintiff never had a walking cane, to cover up for Cpl. Simpson, who allegedly confiscated Plaintiff's cane without any justifiable penological reason. Plaintiff alleges that Defendant Pate's grievance response was made despite Dr. Byrne's medical opinion, which was considered moot because Byrne is not an orthopedist. *See* ECF No. 1, p. 5.

Plaintiff alleges that Defendant Ms. Derrick and institution medical staff are in violation of Plaintiff's substantial constitutional right to the protection of his health and welfare and have not provided adequate treatment to assist Plaintiff, who has 12 screws in his right leg. *See* ECF No. 1, p. 5.

Plaintiff alleges that Director Byars violated S.C. Code 24-1-90 and 24-1-210 by "fail[ing] to exercise[] the authori[ty] to make rule[s] and regulation[s] . . . necessary for the proper performance of the[] duty of prison official[s]" and by failing to "take[] the appropriate correct[ive action] against Byars, Amonitti, Derrick, McCabe, Wreesy, Pate, Jordan, Simpson, Drayton, Newton, Grimes, Holcomb, Hopolomber, Connelly, Tyson, McFadden, Murphy, prison[] officials who [were] involved in [] unlawful acts of violence." Plaintiff alleges that Defendant Byars also failed to "execute a[n] arr[es]t warrant for the mail room supervisor[] and her assistant Bryans, and each of the SCDC employees an[d] other prison[] officials who [are] name[d] in this law suit," despite the statutory provision authorizing that "the department shall prosecute all violations of the law in reference to the treatment of convicts." *See* ECF No. 1, p. 6. Plaintiff asserts that Defendant Byars ha[s]

the authori[ty] to make the[] decision to prosecute these prison[] officials['] violations relating [to the] treatment of Plaintiff[] who ha[s] suffered serious injury at the hand[s] of these prison[] officials who have violat[ed] rule[s] and regulation[s] of [the] SCDC[,] statutory pr[o]vision[s] of federal and state statut[ory] law, and violat[ed] 18 sec 2340 of the US Code. *See* ECF No. 1, p. 7. Plaintiff alleges that, "through [a] sham[] legal process, Director Byars [] aids and abet[s] each of the defendants['] corrupt motive[s] [and] the[] act[s] by these prison[] official[s,] physicians[,] nurse[s,] mail room supervisor[s], assistant warden[s], associate wardens, an[d] other staff member[s] of the business office." See ECF No. 1, p. 7. Plaintiff alleges that "when Cpl. Simpson and Cpl. Drayton confiscate[d] Plaintiff's walking cane . . . Director Byars continue[d] to allow[] the medical director Dr. Moore to cover-up the corruption of Allendale CI Medical Staff's physician Dr. Byrne and Ms. Derrick, R.N. *See* ECF No. 1, p. 8.

Plaintiff alleges that Plaintiff's complaint against Nurse Derrick was "investigat[ed] by Chief Att[orne]y, Deputy of Investigations A[lthea] B. Myers for the Department of Labor, Licensing and Regulation[']s [] Division of Professional and Occupational Licensing, Office and Investigations and Enforcement." Plaintiff alleges that he filed the complaint, alleging illegal, unethical misconduct by officials through "reprisals, retaliation, harassment, threat[s], initimidat[ion] [and] cruel [and] unusual punishment, when Plaintiff's walking cane was confiscated without legal justification or security reason for [a] disciplinary inf[ra]ction for filing a grievance." Plaintiff alleges that, in the DLLR investigation, he asked for sanctions against Dr. Byrne for aiding and abetting Ms. Derrick. Plaintiff alleges that Warden Pate gave her praise for her confiscation of Plaintiff's walking cane, based on a false statement made by Dr. Byrne, who continued to used his authority to stop Plaintiff

from receiving "medical assistan[ce] through the administration of the medical director, Dr. Moore, who delay[ed] the process." Plaintiff alleges that Defendant was blocked from obtaining his cane from Defendant Derrick by Defendant Wressy, "who cause[d] the problem as being the responsible official[']s decision and reason are a sham[] legal process w[h]ere Ms. Wressy didn't have the authority to sign off on this grievance." Plaintiff alleges that all of the above "result[ed] in Plaintiff's loss of his walking cane, [which] ca[us]ed emotional distress[,] discomfort[,] [and] serious pain and his right leg." *See* ECF No. 1, p. 8.

Plaintiff alleges that his "complaint to the DLLR w[as] file[d] with the agency on July 13, 2011 [and] notarized by Sylna Jones [of the Lieber CI mail room] and addressed to Althea Myers, Chief Deputy of Investigations, who received [the] letter on July 28, 2011." Plaintiff alleges that Defendant "Myers engaged in [a] deliberate intentional cover-up stating that [the] incident occurred at Kershaw CI when it actually occurred at Allendale CI." *See* ECF No. 1, p. 9. Plaintiff alleges that he "sent [a] letter to Chatherine B. Templeton of [the] Board of Medical Examiners on January 23, 2012, which was received on January 24, 2011." Plaintiff alleges that the "Director deliberately stamped the letter one year behind [its actual date, *i.e.* 2011, rather than 2012] which can be considered a mail fraud scheme to further delay the investigation." Plaintiff alleges that the Board of Medical Examiners "tried to cover up unlawful unprofessional illegal and unethical misconduct[] by put[ting] the wrong received date on their letter." *See* ECF No. 1, p. 9. Plaintiff alleges that Myers made a false statement in her reply to Plaintiff's request for an investigation, which constitutes mail fraud and a false claim that Plaintiff failed to state any violation of SC's

medical or nurse practice act and that the Department lacked jurisdiction to investigate Plaintiff's complaint.  *See* ECF No. 1, p. 11-12.

Plaintiff also alleges that Sheridan Spoon (who is not named as a Defendant in this action) addressed a letter to Plaintiff on January 30, 2012, "which is also a sham[] legal process."  Plaintiff alleges that he made a freedom of information request to Mr. Spoon on February 20, 2012, and that Mr. Spoon's response is a fraudulent document and constitutes a violation of the false claims act.  *See* ECF No. 1, p. 13-14.

Plaintiff alleges that Defendants Dr. Moore and Dr. Amonitti signed off on Plaintiff's inmate request to staff dated February 8, 2012, stating that he spoke with Ms. Holcomber today and she scheduled an appointment for you to see opthomology.  Plaintiff alleges that the mail room supervisor, "[Defendant] Jones, stop[ped] this letter that was addressed to [SCDC} HQ through interagency mail, which was supposed to go through [the] US Postal service."  Plaintiff alleges that, as a result, Dr. Amonitti gave a fictitious name, Holcomber, which is not her real name; her real name is Nurse E. Holcomb.  Plaintiff alleges that Dr. Moore never s[aw] this inmate request because Jones told Dr. Amonitti that Plaintiff sent the letter to Dr. Moore and Dr. Amonitti intercepted it, which is mail fraud and an unlawful act by Amonitti.  Plaintiff alleges that Dr. Byrne and Stanford created controversy when they "explain[ed] to the Medical Nurses Staff at Lieber CI [] that [Plaintiff] filed a[] complaint against [Nurse] Derrick, RN, [at] Allendale CI Health Service, [who] was terminat[ed] from her position [due] to [Derrick's] misconduct [in] confiscati[ng] Plaintiff['s] walking cane."  Plaintiff alleges that "Nurse Connelly at Lieber CI continued this controversy."  *See* ECF No. 1, p. 14-15.

Plaintiff alleges that he sent an inmate request to Warden McCabe on January 25, 2012; however, Warden McCabe refused to comply, but sent Plaintiff's request to Nurse Connelly to answer/respond to it. Plaintiff alleges that, as a result, Plaintiff was subjected to more intimidation, threats, and misconduct from the medical staff's nurses and physicians. *See* ECF No. 1, p. 16, 19.

Plaintiff alleges that, "on March 3, 2012, Nurse Connelly made a false statement that contradicts her disposition of Plaintiff's inmate request of January 25, 2012." Plaintiff alleges that "Dr. Amonitti prevented Plaintiff from receiving treatment and being admitted to the emergency room for treatment of Plaintiff's hernia, where [a part of Plaintiff's] intestine has come through [the] wall of Plaintiff's stomach and blood and fluid keep com[ing] out of Plaintiff's stomach." Plaintiff alleges that "Dr. Amonitti said it was not serious enough to call an ambulance. Dr. Amonitti told [the] nursing staff to just change Plaintiff's pad every day." *See* ECF No. 1, p. 16. Plaintiff alleges that "Warden McCabe refused to instruct the medical staff to call an ambulance for Plaintiff, thus denying Plaintiff adequate medical treatment when a hole had formed in the wall of Plaintiff's stomach and would not stop bleeding due to a hernia infection." Plaintiff alleges "Warden McCabe abett[ed] Nurse Holomber to stop Plaintiff from coming to medical on both day and night shift, and that Warden [McCabe] personally said that [Plaintiff] could not come to medical." *See* ECF No. 1, p. 16-17. Plaintiff further alleges that "Warden McCabe told Plaintiff to his face in the dorm that things would be done McCabe's dam[n] way and his dam[n] way only." Plaintiff alleges that this "constituted [the] warden's interference and neglect of Plaintiff's life threatening emergency due to Mccabe's personal hate toward Plaintiff." *See* ECF No. 1, p. 17.

Plaintiff alleges that he filed a second emergency grievance complaining that Lieber CI mail room staff members, Defendants Jones and Bryant, were sharing information with the Lieber CI Medical and Nursing Staff about the ongoing investigation initiated by Plaintiff in his complaint against Nurse Derrick and Dr. Byrne. Plaintiff alleges that Defendants Jones and Bryant passed information along to Dr. Amonitti and Dr. Byrne by engaging in unlawful conduct, violating his right to confidentiality in using the mail. *See* ECF No. 1, p. 18.

Plaintiff's alleges that he sent an inmate request to Defendant Tatarsky, in the Office of General Counsel, concerning the mail room's refusal to mail Plaintiff's complaint to the Board of Medical Examiners and the mail room's interference with Plaintiff's mail. Plaintiff alleges that Defendant Tatarsky refused to respond to Plaintiff's request to staff. *See* ECF No. 1, p. 23.

Plaintiff alleges that Defendants Jones and Bryant "signed for a certified letter to Plaintiff from [the] State Accident Fund and then destroyed the certified receipt so there would be no record of the letter." See ECF No. 1, p. 24-25. Plaintiff alleges that Jones and Bryant also sent a large brown envelope addressed from Plaintiff to the Workers' Compensation Commission via interagency mail, rather than via the United States Postal Service and charged Plaintiff's account for $2.10. Plaintiff alleges that Defendants McCabe and McFadden approved this scheme to prevent the mailing of Plaintiff's legal mail. *See* ECF No. 1, p. 25. Plaintiff goes on at length to describe his dispute with Defendants Jones and Bryant concerning charges and authorizations for mailing envelopes in indigent prepaid envelopes and other formats and their ongoing argument about what does or does not constitute "legal mail" under SCDC policies and procedures. Plaintiff

10

alleges that the actions of Jones and Bryant constitute mail fraud. *See* ECF No. 1, p. 27-29. Plaintiff also alleges that SCDC Official/Institutional Mail Coordinator/Director, Maria Leggens, is involved in this conspiracy. Plaintiff alleges that defendant Leggens has received gratuities "in violation of [the] law and to defraud the US." See ECF No. 1, p. 30. Plaintiff alleges that "Leggins is a pathological liar and her memorandum was a cover up after Jones was terminated from her mail room job at Kirkland CI" because of complaints similar to Plaintiff's, *i.e.* complaint that Jones refused to process mail and allowed prison officials to read confidential inmate mail. *See* ECF No. 1, p. 34. Plaintiff alleges that Defendants Myers, Murphy, Templeton, Tatarsky, Hollman, Taylor, Kudelk, Dorman, and Sanders all made or used "[a] false writing or document knowing [that] the same contain[ed] [a] materially false[,] fictitious[,] or fraudulent statement or entry." *See* ECF No. 1, p. 36.

Plaintiff alleges that Defendant Montee Rose, Business Office Administrative Assistant, "interfered with [the] administration of justice by denying Plaintiff's legal mail at the request of Jones, [who] influence[d] Montee not to give Plaintiff" the full amount of writing and mailing materials that Plaintiff requested. Plaintiff alleges that Defendant Montee violated SCDC policies and procedures when she gave Plaintiff only ten sheets of writing paper rather than the 50 sheets that are required by policy. Plaintiff alleges that he received only five white envelopes, rather than 15, and only three brown legal envelopes, rather than the five to which Plaintiff was entitled. *See* ECF No. 1, p. 37-38.

Plaintiff alleges that Nurse Jones, RN, on February 5, 2012, issued an OTR for Plaintiff to come to medical to have his wound dressed. Plaintiff alleges that Plaintiff had been dressing his own wound since January 18, 2012, after Nurse Connelly had barred

Plaintiff from coming to the infirmary, in retaliation for Plaintiff's complaint against Derrick, Byrne, and Simpson at Allendale CI. Plaintiff alleges that, while he was in medical on March 21, 2012, Defendant "Connelly walk[ed] up behind him and hit him in the back of [his] head and kept on walking and never stop[ped]." Plaintiff alleges that, while Plaintiff was being treated by Nurse Newsom, Holcomb walked into the room and Newsome said "this is my best friend Holcomb." Plaintiff alleges that Holccomb "is a fictitious name, her real name is Holcomb" and that Defendant Newsome then asked Plaintiff why he couldn't just take enough supplies to dress his own wound. *See* ECF No. 1, p. 39.

As to the relief that Plaintiff seeks in this case, Plaintiff asks the court to:

Issue an order to impanel a State Grand Jury to look into investigations the corrupt of South Carolina Department of Corrections Medical Board and Staffs at Allendale CI and Leiber CI in the violations is under 18 § 1515 section (b) (E) (b) as used in Section 1505 term . . . applicable to the corruptly of . . . the South Carolina Department of Corrections, . . . South Carolina Department of Labor, Licensing and Regulation Division of Professional Occupational Licensing Office of Investigation and Enforcement and Board of Medical Examiners is knowingly using a trick, scheme or device with intent or mislead . . . including making a false or misleading statement or witholding altering or destroying a documents or other information 18 § 1001, 18 § 1341 and 1342.

Issue an order the James R. Parks Clerk of Court impanelment of the State Grand Jury to order an investigations into the corruptly of the following . . . pursuant to S.C. Code Ann. § 14-7-163 (supp 2003) including mailroom SCDC Institutional Officials and United States Postal Service Richland County, Ridgeville County for these postal service and court specifically instructing to Clerk of Court to provide the documents to review by the District Court only, where the U.S. District Court retains jurisdiction over the impanelment State Grand Jury will considered all of the evidence presented to the State Grand Jury . . .

Plaintiff seeks a transportation order from the court to trane U.S. Marshals Services officers to transport him back in forth to court house due to nature of circumstration threatened on his life by Lieber CI and Allendale Medical Staff's nurses with the reprisal of retaliation by the physicians which continued to subjected the Plaintiff's harassment intimidating hostile that is

influence through use the authority of Warden McCabe to encouragment of officers and administrative personnel by threat harm or loss of privilage, promises such conducting has purpose of effect of creating an intimidating, hostile and offensive environment from conducting Lieber CI officer, Medical Staff's in Physicians as well in alliance that sufficient enough to required the court to an order to appoint the United States Marshals to protected Plaintiff's by transported him back in forth to court from Lieber Correctional Institution.

Plaintiffs seek emergency restaining order without notice for and hearing on motion seeks pursuant to S.C. Code Ann. § 16-3-1750 that the United States Federal District Court have jurisdiction over this action where the allegations came to provide the Plaintiff who is seek restaining order against SCDC officials that is named and thes 1983 complaint at headquarte Allendale CI and Lieber CI the Plaintiff alleged obstruction of correspondence 18 § 1702 that by preponderance on evidence for the court to issue restraining order without giving the defendants SCDC officials and Lieber CI Mailroom Supervisory Jones and her assistant Bryant motion of motion for the order where this case is based on Exhibit 36 Thur 40 Maria Leggins Institution Mailroom Coordinators and the prime facie showing were present to Plaintiff's as threaten pursuant to S.C. Code Ann. § 16-3-1760 interferred with Plaintiff's legal out going mail have cause the serious injury tempting with correspondence between governement federal or state Jone continue to delay mail by used all kind of trick False Statement why she cannot mail out or sent were Jones have place Lable as a stamp of restricing is put outside the stamp envelope to were Plaintiff can sent to an State agency. As well income mail open by the Jones or her assistant Bryant, South carolina State Accident Fund to let the Plaintiff to sign if he had received it the Plaintiff never received this recipt from mailroom supervisor Jones or her assistant Bryant were they are without or justication for constitution ground for good cause is shown to the court to granted the restraining order Plaintiff's alleges against the Defendant Jones and Bryant as the follows were the Plaintiff's request for the court to issue and order within twenty four hours after the filing of a complaint and seeking and restraining order under Section 16-3-1750.

Plaintiff is briefly the court that would look to Amend this matter to this Complaint back to his original complaint SC State Accident Fund, S.C. Worker Compensation Commission in filing a Grievance Emergency Grievance against SC. Department, Harry B. Gregory, Jr., Director, Virginia Crocker, Judicial Director Ellen Goodwin, Esquire, Russell Rush, Employer Rep. Exh. 31-32.

Plaintiff asserted the State Law Claims under 1983 Complaint were Plaintiff Pleading Conspiracy as affirmative defense were the Plaintiff's suite

Defendant for two hundred millions dollars ($200,000,000) Exemptory or Punitive damage for suffered plain onerion unlawful acts tempering with evidence of obstructive of justice Physically abusive assault by Nurse Connelly who inflicted pain in suffered upon the Plaintiff when she hit the Plaintiff in back of his head with left hand which inflcitor pain emotional destress intentional defamation sland libel false statement against Plaintiff false disciplinary infraction false report crime and interference of correspondence. The Plaintiff is seeks Attorney fee in this case.

ECF No. 1, p. 40-44.

In Plaintiff's Motion to Amend Complaint (ECF No. 24), which has been attached to Plaintiff's original Complaint to constitute the Amended Complaint in this case, Plaintiff simply lists 17 additional Defendants, asserts that "his to Motion to Amend is relates back to the original date April 19, 2012 complaint was filed . . . when the party has continued to interference the Judicial Process by abstraction Administrative of Justice 18 USCA 18 § 401 section 1. The misbehavior of any of the names each Defendants in its presence as so near threats as to obstrust the administrative of justice due to there unlawful acts of SCDC of its officers in their official transactions." *See* ECF No. 24, p. 3. Plaintiff then makes the conclusory allegation that:

each one of Defendants that is name in the Motion to Amended relate to the original Complaint whom have enters into and agreement through the combination as employed by the same agency of the South Carolina Department of Corrections were each one of these Defendants names . . . as to aiding and abetter to assist another in sharing in the criminal intent of the principal. Were each one of these defendants is an accessery before and after of facts that the crime was a false inaccurate report of Judicial Proceedings as contempt were the defendants knowling that they was a withful violate the lawful act by disobedience and resistance an lawful writ and order of process order of the District Court an continue to refuse and failure to follow an order as rules of both court the Department an other agency that is involve, whom knowingly engaging and a conspiracy to perpetrated a cold calculated scheme to deceive by the Defendants combination or by suppression of truth suggestion to get advantage and include all surprise trick cunning dishonesty is cheated or deception or artifice. Fed. R. Civ. Proc. Rule 15.

14

The undersigned has carefully reviewed Plaintiff's Amended Complaint and finds that the Amended Complaint should be partially summarily dismissed, without prejudice and without issuance and service of process, as to the following Defendants: Jamie R. Wressey, RN, Health Care Authority, SC Dept of Corrections; Daniel Murphy, Dept Corrections Division Inspection, SCDC; Althea B. Myers, Chief Deputy, Office of Investigation & Enforcement; Chatherine Templeton, Director LLR; Nancy Murphy, Administrative Board of Nursing; David M. Tatarsky, DOC, Office of General Counsel; Ann Hallman, DOC, Branch Chief, Inmate Grievance Branch; Blake Taylor, DOC, Compliance, Standard and Inspections; Lesia Kudelka, LLR, Communications Director; Mark Dorman, LLR-OIE, Assistance Deputy Director; Mark Sanders, Investigator LLR-OIE; John R. Pate, Warden, Allendale Correction Institution; Authur A. Jordam, Jr., Associate Warden; McKenndly Newton, Associate Warden, Allendale Correction Institution; E. Grimes, Capital, Allendale Correction Institution; Dr. Joni Stanford, SC Dept of Correction, Physician; L. Newsom, Nurse, RN, Lieber Correction Institution; Carolyn Tyson, Nurse, RN, Lieber Correction Institution; Dr. Rowland Crafts, SC Department of Corrections; Gregory S. Line, Director of Claims; Charlotte Smith, Claims Adjuster; Ellen Goodwin, SC State Accident Fund; Russell Rush, SC Department of Corrections; Jim Crosby, SC Department of Corrections; Susan S. Barden, SC Workers' Compensation; Virginia Crocker, Judicial Director; Christopher D. Florian, Staff Attorney; Dr. Marsha Koller, Director of Health Service; Stanley Clark, Captain, Lieber Correction Institution; Sgt. Robert Mincely, Lieber Correction Institution; Cpl. Earl Barrett, Lieber Correction Institution; Thierry Nettler, Major, Lieber Correction Institution; Fred R. Thompson, Associate Warden; Dagles Westely, III,

15

Kirkland Librarian; and Paticira Cook, Classification Case Work. Plaintiff fails to state a claim on which relief may be granted by this Court against these Defendants. Plaintiff's Amended Complaint is frivolous insofar as it attempts to allege that these Defendants violated any constitutionally protected liberty interest of Plaintiff.

Plaintiff's Amended Complaint should be served on the following Defendants: William R. Byars, Jr., Director; Dr. Moore, Director of Medical Service; Dr. T. Byrne, ACI; Dr. G. Amonitti, LCI; Nurse NFN Derrick, ACI Health Care Authority; Wayne C. McCabe, Warden LCI; Cpl. T Simpson, Allendale Correctional Institution; Cpl. Melvin Drayton, Allendale Correction Institution; Elizabeth Holcomb, Nurse Praction, Lieber Correction Institution; Lisa Hopolomber, Nurse Practice, Lieber Correction Institution; Star Connelly, Nurse Practice, Lieber Correction Institution; Joseph McFadden, Associate Warden, Lieber Correction Institution; Sylna Jones, Mail Room Supervisory, Lieber Correction Institution; Luclnecia Bryant, Mail Room Assistant, Lieber Correction Institution; and Rose Montee, Business Office, Lieber Correction Institution.

## DISCUSSION

Plaintiff does not have a constitutionally protected interest in access to SCDC's grievance process or its investigative process. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (Prisoners do not have a constitutional right of access to the grievance process). Plaintiff does not have a constitutional right to, or, in fact, any judicially cognizable interest in, the criminal prosecution or non-prosecution of another person or entity. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005) (citing *DeShaney v. Winnebago County Dep't. of Social Servs.*, 489 U.S. 189 (1989)); *Leeke v. Timmerman*, 454 U.S. 83,

86-87 (1981). *See also Johnson v. S.C. Dep't of Corrections*, No. 06-2062, 2007 WL 904826, at *12 (D.S.C. Mar. 21, 2007) ("Plaintiff's allegation that Defendants did not follow their own policies fails, as the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation.") (citing *Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir. 1990)) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue)); *Watson v. McGinnis*, 964 F. Supp. 127, 130 (S.D.N.Y. 1997) ("The law is clear that allegations that an official ignored a prisoner's letter are insufficient to establish liability."); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (violations of prison policies that fail to reach the level of a constitutional violation are not actionable under § 1983. It is settled law that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." *Adams v. Rice*, 40 F.3d at 75. *See, e.g., Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) ("Federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."). Accordingly, the Amended Complaint should be partially summarily dismissed as to the following Defendants: Jamie R. Wressey, RN, Health Care Authority, SC Dept of Corrections; Daniel Murphy, Dept Corrections Division Inspection, SCDC; David M. Tatarsky, DOC, Office of General Counsel; Ann Hallman, DOC, Branch Chief, Inmate Grievance Branch; Blake Taylor, DOC, Compliance,

Standard and Inspections; John R. Pate, Warden, Allendale Correction Institution; Authur A. Jordam, Jr., Associate Warden; McKenndly Newton, Associate Warden, Allendale Correction Institution; and E. Grimes, Capital, Allendale Correction Institution.

There is no federal right to request an investigation or to pursue a complaint against a person who is a licensed to engage in a profession or occupation whose licensees are regulated by the Division of Professional and Occupational Licensing of the South Carolina Department of Labor, Licensing, and Regulation. The Office of Investigations and Enforcement of the Division of Professional and Occupational Licensing of the South Carolina Department of Labor, Licensing, and Regulation has statutory authority, pursuant to S.C. Code 40-1-10, *et seq.* to investigate alleged violations of the Medical or Nurse Practice Acts, S.C. Code 40-33-10 *et seq.* A complainant's federal and state rights of speech, due process, and/or equal protection are not implicated by the actions of the Office of Investigations and Enforcement in conducting its investigation and making a disposition of a complainant's allegations of wrongdoing against a physician or nurse who is licensed in South Carolina.

Moreover, Plaintiff does not have a constitutional right to, or, in fact, any judicially cognizable interest in, the criminal prosecution or non-prosecution of another person or entity. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). "The benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005) (citing *DeShaney v. Winnebago County Dep't.*

*of Social Servs.*, 489 U.S. 189 (1989)).  The general public's benefit of discretionary police protection and enforcement of the law does not confer upon a private citizen a constitutionally protected individual entitlement to a law enforcement investigation of his claims, and therefore cannot give rise to a constitutionally protected property interest. *Harrington v. County of Suffolk*, 607 F.3d 31, 35 (2nd Cir. 2010) (quoting *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982)).  As the United States Fourth Circuit Court of Appeals recently explained in *Doe v. S.C. Dep't. of Soc. Servs.*, 597 F.3d 163 (4th Cir 2010), in the absence of allegations that protective services such as criminal investigations and charges are being withheld solely for an illegally discriminatory reason, a private citizen may not recover damages under § 1983 based on the failure of law enforcement or prosecuting authorities to charge or prosecute certain other private citizens criminally.  Accordingly,  the Amended Complaint should be partially summarily dismissed as to the following Defendants: Althea B. Myers, Chief Deputy, Office of Investigation & Enforcement; Chatherine Templeton, Director LLR; Nancy Murphy, Administrative Board of Nursing; Lesia Kudelka, LLR, Communications Director; Mark Dorman, LLR-OIE, Assistance Deputy Director; Mark Sanders, Investigator LLR-OIE.

As to Defendants Dr. Joni Stanford (SC Dept of Correction, Physician), L. Newsom (Nurse, RN, Lieber Correction Institution), the Amended Complaint should be partially summarily dismissed as to them.  The only factual allegations concerning them in Plaintiff's Amended Complaint are that: Stanford (and Defendant Dr. Byrne) created controversy when they "explain[ed] to the Medical Nurses Staff at Lieber CI [] that [Plaintiff] filed a[] complaint against [Nurse] Derrick, RN, [at] Allendale CI Health Service, [who] was terminat[ed] from her position [due] to [Derrick's] misconduct [in] confiscati[ng] Plaintiff['s]

19

walking cane," *see* ECF No. 1, p. 14-15, and that, while Plaintiff was being treated by Nurse Newsom, Holcomb walked into the room and Newsome said "this is my best friend Holccomb," which Plaintiff alleges "is a fictitious name," and Newsome then asked Plaintiff why he couldn't just take enough supplies to dress his own wound, *see* ECF No. 1, p. 39. It is well settled that alleged verbal confrontations, accusations, or threats, without more, are not actionable under § 1983.  "The use of vile and abusive language is never a basis for a civil rights action."  *Sluys v. Gribetz*, 842 F. Supp. 764, 765 n.1 (S.D.N.Y. 1994), *aff'd*, 41 F.3d 1503 (2d Cir. 1994).  Because even abusive language is not actionable under 42 U.S.C. § 1983, the comments alleged in Plaintiff's Amended Complaint that are attributed to Defendants Stanford and Newsom fail to state a cognizable claim under 42 U.S.C. § 1983.

As to Defendant Carolyn Tyson (Nurse, RN, Lieber Correction Institution), the Amended Complaint should also be partially summarily dismissed as to her, because Plaintiff makes no plausible factual allegations of wrongdoing against her.  Under 28 U.S.C. § 1915(e)(2)(B)(i), this Court should dismiss an action filed *in forma pauperis* by a plaintiff which is "frivolous or malicious."  Plaintiff's one and only mention of Tyson is in the context of Plaintiff's conclusory allegation that Defendant Byars "neglect[ed] his administrative duty to take[] the appropriate correct[ive action] against . . . prison[] officials who [were] involved in [] unlawful acts of violence."  *See* ECF No. 1, p. 6.  Because there are no specific allegations whatsoever of any wrongdoing on the part of Tyson, much less any plausible factual account of any "unlawful acts of violence," Plaintiff's Amended Complaint fails to state a claim on which relief may be granted by this court and is frivolous as to Defendant

Tyson. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless). Although the court is bound to liberally construe a plaintiff's *pro se* complaint, 28 U.S.C. § 1915 accords the court not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the power to dismiss a claim whose factual contentions are clearly baseless. A plaintiff must do more than make conclusory statements and fantastic, fanciful, and delusional allegations to support his claim. *See Brock v. Angelone*, 105 F.3d 952, 953-54 (4th Cir. 1997)

To establish a civil conspiracy under § 1983, a plaintiff must present evidence that the defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in the deprivation of a constitutional right. *Glassman v. Arlington Cnty.*, 628 F.3d 140, 150 (4th Cir. 2010) (citing *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir.1996)). A plaintiff must come forward with specific evidence that each member of the alleged conspiracy shared the same conspiratorial objective. *Id.* A plaintiff's factual allegations must reasonably lead to the inference that the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan." *Id.* A plaintiff's allegations must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. *Hinkle*, 81 F.3d at 422.

A civil conspiracy claim must be supported by facts independent of the other causes of action in the complaint; a plaintiff may not simply incorporate allegations that support other causes of action to sustain a cause of action for civil conspiracy. *Cricket Cove Ventures, LLC v. Gilland*, 701 S.E.2d 39, 46 (S.C. 2010) (citing *Todd v. S.C. Farm Bureau*

*Mut. Ins. Co.*, 278 S.E.2d 607, 611 (S.C. 1981)). The plaintiff must also plead damages suffered as a result of the conspiracy that go beyond damages alleged in other causes of action. *See id.* at 325 (citing *Vaught v. Waites*, 387 S.E.2d 91, 95 (S.C. Ct. App. 1989)); *see also AJG Holdings LLC v. Dunn*, 708 S.E.2d 218, 223 (S.C. Ct. App. 2011) (noting that to demonstrate special damages, as an element of a civil conspiracy claim, a plaintiff has to allege damages beyond the damages alleged in the other causes of action).

In this case, Plaintiff's Amended Complaint fails to plead any facts to support his conclusory allegation of a civil conspiracy. Plaintiff has not alleged that any of the seventeen (17) additional Defendants named in Plaintiff's Motion to Amend his Complaint, who were, in fact, added as parties to this action in Plaintiff's Amended Complaint, engaged in any overt act in furtherance of the alleged conspiracy. Plaintiff's bald assertion that these Defendants, merely by virtue of their employment with SCDC or another state agency, are "accessories before and after the fact" to the crime of "false inaccurate report of judicial proceedings as contempt" borders on the nonsensical and clearly does not state a viable conspiracy claim under 42 U.S.C. § 1983. Plaintiff's allegations do not constitute a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). The court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or

arguments." *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006). Accordingly, the Amended Complaint should be partially summarily dismissed as to the following Defendants: Dr. Rowland Crafts, SC Department of Corrections; Gregory S. Line, Director of Claims; Charlotte Smith, Claims Adjuster; Ellen Goodwin, SC State Accident Fund; Russell Rush, SC Department of Corrections; Jim Crosby, SC Department of Corrections; Susan S. Barden, SC Workers' Compensation; Virginia Crocker, Judicial Director; Christopher D. Florian, Staff Attorney; Dr. Marsha Koller, Director of Health Service; Stanley Clark, Captain, Lieber Correction Institution; Sgt. Robert Mincely, Lieber Correction Institution; Cpl. Earl Barrett, Lieber Correction Institution; Thierry Nettler, Major, Lieber Correction Institution; Fred R. Thompson, Associate Warden; Dagles Westely, III, Kirkland Librarian; and Paticira Cook, Classification Case Work.

Plaintiff's factual allegations may be sufficient to state a cognizable claim of an alleged violation of Plaintiff's Eighth Amendment rights with respect to deliberate indifference to Plaintiff's serious medical needs and a cognizable claim of an alleged violation of Plaintiff's First Amendment rights with respect to interference with Plaintiff's legal mail. Accordingly, Plaintiff's Amended Complaint should be served upon the following Defendants: William R. Byars, Jr., Director; Dr. Moore, Director of Medical Service; Dr. T. Byrne, ACI; Dr. G. Amonitti, LCI; Nurse NFN Derrick, ACI Health Care Authority; Wayne C. McCabe, Warden LCI; Cpl. T Simpson, Allendale Correctional Institution; Cpl. Melvin Drayton, Allendale Correction Institution; Elizabeth Holcomb, Nurse Praction, Lieber Correction Institution; Lisa Hopolomber, Nurse Practice, Lieber Correction Institution; Star Connelly, Nurse Practice, Lieber Correction Institution; Joseph McFadden, Associate Warden, Lieber Correction Institution; Sylna Jones, Mail Room Supervisory, Lieber

Correction Institution; Luclnecia Bryant, Mail Room Assistant, Lieber Correction Institution; and Rose Montee, Business Office, Lieber Correction Institution.

## RECOMMENDATION

It is recommended that the Amended Complaint be summarily dismissed, without prejudice and without issuance and service of process, as to Defendants Wressey, Daniel Murphy, Myers, Templeton, Nancy Murphy, Tatarsky, Hallman, Taylor, Kudelka, Dorman, Sanders, Pate, Jordam, Newton, Grimes, Stanford, Newsom, Tyson, Crafts, Line, Smith, Goodwin, Rush, Crosby, Barden, Crocker, Florian, Koller, Clark, Mincely, Barrett, Nettler, Thompson, Westely, and Cook. The Amended Complaint should be served on the remaining Defendants, *i.e.* Defendants Byars, Moore, Byrne, Amonitti, Derrick, McCabe, Simpson, Drayton, Holcomb, Hopolomber, Connelly, McFadden, Jones, Bryant, and Montee. Plaintiff's attention is directed to the important notice on the next page.


October 30 , 2012                              s/ Kevin F. McDonald
Greenville, South Carolina                     United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**300 East Washington Street, Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).