IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Henry W. Martin, Jr., ) | |
| ) | Civil Action No. 6:12-1089-CMC-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| William R. Byars, Jr., et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the plaintiff's motion for protective order (doc. 35), which has been construed by this court as a motion for preliminary injunction (*see* doc. 39 at p. 3). The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff filed the instant motion on October 4, 2012. On October 30, 2012, the undersigned ordered that the plaintiff's amended complaint be served upon 15 of the 50 named defendants in this action. This court further recommended that the amended complaint be summarily dismissed against the remaining 35 named defendants. The Honorable Cameron McGowan Currie, United States District Judge, adopted the recommendation and dismissed those defendants by orders entered on January 2 and 14, 2013.

The only remaining claims in this case are the plaintiff's allegations of deliberate indifference to his serious medical needs in violation of his Eighth Amendment

rights, and interference with his legal mail in violation of his First Amendment rights. Specifically, the plaintiff alleges the defendants were deliberately indifferent in his treatment for a hernia and in not allowing him to have a cane. The defendants filed a motion for summary judgment on February 28, 2013, which is currently pending before the court.

In his motion for preliminary injunction, the plaintiff asks that the court order that he be placed in federal protective custody because "there is believe that by of abuse, neglect, or exploitation there exists an imminent danger of the vulnerable plaintiff's life or physical safety" (doc. 35 at pp. 4-5).

"[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Fed. Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir.1981). To obtain a preliminary injunction, the plaintiff must demonstrate: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.*, 555 U.S. 7, 20 (2008); *see Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at *1 (D.S.C. August 18, 2009) (slip copy) (applying *Winter* standard and noting that the *Blackwelder Furniture Co. v. Seling Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977) balance-of-hardship test no longer applies). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

Traditionally, preliminary injunctions are sought to "protect the *status quo* and to prevent irreparable harm during the pendency of a lawsuit, ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir.2003) (citation omitted) *abrogated on other grounds by eBay, Inc. v. MercExchange, L.L.C.,* 547 U.S. 388 (2006). However, in comparison,

mandatory preliminary injunctions, like the one the plaintiff seeks here, compel action. The Fourth Circuit explained:

> "Mandatory preliminary injunctions [generally] do not preserve the *status quo* and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir.1980). That is to say, a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind.

*Id*. at 526.

The plaintiff has failed to show that a preliminary injunction ordering that he be placed in federal protective custody is necessary to protect against irreparable harm created by the defendants remaining in this case, most of whom are prison medical staff and mail room staff.  Furthermore, the plaintiff has not shown that he is likely to succeed on the merits of his Eighth Amendment and First Amendment claims.

Based upon the foregoing, the plaintiff's motion (doc. 35) should be denied.

March 21, 2013                                                                              s/ Kevin F. McDonald
Greenville, South Carolina                                                         United States Magistrate Judge

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.